IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CV-90-KS

| | |
|---|---|
| TINY MOORE MYERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )     **ORDER** |
| NANCY A. BERRYHILL,[1] | ) |
| Acting Commissioner of Social | ) |
| Security, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on the parties' cross motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, the parties having consented to proceed pursuant to 28 U.S.C. § 636(c). Tiny Moore Myers ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the denial of her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The time for filing responsive briefs has expired, and the pending motions are ripe for adjudication. The court heard oral arguments on June 14, 2017. The court has carefully reviewed the administrative record and the motions and memoranda submitted by the parties, and considered the arguments of counsel. For the reasons set forth below, Plaintiff's Motion for Judgment

---

[1] Plaintiff's complaint names Carolyn W. Colvin in her official capacity as Acting Commissioner of Social Security as a defendant to this action. Nancy A. Berryhill is now the Acting Commissioner of Social Security and therefore is substituted as a defendant to this action. *See* Fed. R. Civ. P. 25(d).

on the Pleadings [DE #36] is denied, Defendant's Motion for Judgment on the Pleadings [DE #40] is granted, and the Commissioner's decision is upheld.

## STATEMENT OF THE CASE

Plaintiff protectively applied for DIB and SSI on April 16, 2012, with an alleged onset date of September 20, 2011.[2] (R. 26, 206, 214.) These applications were denied initially and upon reconsideration and a request for hearing was filed. (R. 26, 108–09, 146–47, 165.) A hearing was held on October 27, 2014, before Administrative Law Judge ("ALJ") John A. Thawley, who issued an unfavorable ruling on January 13, 2015. (R. 26, 38.) The Appeals Council denied Plaintiff's request for review on March 7, 2016. (R. 3.) Plaintiff seeks judicial review of the final administrative decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

### I.    Standard of Review

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389,

---

[2] Plaintiff subsequently amended the alleged onset date to March 28, 2012. (R. 51.)

401 (1971), and *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (citations omitted) (alteration in original). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589) (first and second alterations in original). Rather, in conducting the "substantial evidence" inquiry, the court determines whether the Commissioner has considered all relevant evidence and sufficiently explained the weight accorded to the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## II. Disability Determination

In making a disability determination, the Commissioner utilizes a five-step evaluation process. The Commissioner asks, sequentially, whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) can perform the requirements of past work; and, if not, (5) based on the claimant's age, work experience, and residual functional capacity can adjust to other work that exists in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the

Commissioner to show that other work exists in the national economy that the claimant can perform. *Id.*

## III.   ALJ's Findings

Applying the five-step, sequential evaluation process, the ALJ found Plaintiff "not disabled" as defined in the Social Security Act. At step one, the ALJ found Plaintiff had not engaged in substantial gainful employment since September 20, 2011, the original alleged onset date. (R. 28.) Next, the ALJ determined Plaintiff had the following severe impairments: "cerebral sinus thrombosis/blood clotting disorder with resultant blood clot in the brain; migraine headaches; peripheral neuropathy; cardiac dysrhythmias; chronic thrombocytopenia; and essential hypertension." (R. 28.) The ALJ found Plaintiff's menorrhagia, fibroids, bilateral dry eye syndrome, bilateral cataracts, and adjustment disorder to be non-severe impairments. (R. 29.) The ALJ found Plaintiff's fibromyalgia and diabetes mellitus to be non-medically determinable impairments. (*Id.*)

At step three, the ALJ concluded that Plaintiff's impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 31.) The ALJ considered Listings 4.04, 11.02, 11.14, and 7.00-related. (*Id.*)

Prior to proceeding to step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC") and found that Plaintiff had

> the residual functional capacity to perform light work . . . with the following additional limitations: pushing and pulling limited to the light level; no use of foot controls; no climbing of ladders, ropes and/or scaffolds; no more than occasional climbing of ramps or stairs,

balancing, stooping, crouching, kneeling, or crawling; no overhead reaching; no more than frequent bilateral handling, fingering, or feeling; and with no exposure to excessive vibration or to hazards (such as moving machinery or unprotected heights).

(R. 31.) In making this assessment, the ALJ found Plaintiff's statements about the severity of her symptoms "not entirely credible." (R. 32.) At step four, the ALJ concluded Plaintiff was able to perform past relevant work as a filter assembler. (R. 36.) While not being required to continue to step five, the ALJ found that there are jobs in the national economy that Plaintiff could perform in addition to filter assembler. (*Id.*) The ALJ identified cashier, routing clerk, and sales attendant as jobs that Plaintiff could perform. (*Id.*)

## IV. Plaintiff's Arguments

Plaintiff makes multiple assignments of errors. As both parties stated at oral arguments, the core issue is whether the ALJ properly weighed the opinions of Plaintiff's treating physician, Dr. Fink. For the reasons explained below, the court finds the Commissioner's decision to be supported by substantial evidence.

### A. Weight Assigned to Treating Physician Opinions

An ALJ "is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources about issues reserved to the Commissioner." SSR 96–5p, 1996 WL 374183, at *3 (July 2, 1996).[3] As part of this consideration and explanation, an ALJ must evaluate all medical opinions in the record. 20 C.F.R §§ 404.1527(b)–(c),

---

[3] This agency ruling was rescinded March 27, 2017, for claims filed on or after that date. 82 Fed. Reg. 15,263 (Mar. 27, 2017).

416.927(b)–(c); SSR 96–8p, 1996 WL 374184, at *7 (July 2, 1996). Medical opinions are statements from physicians or other "acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(1), 416.927(a)(1).

Controlling weight will be given to "a treating source's medical opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) [if it] is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *Craig,* 76 F.3d at 590. A treating source is a "physician, psychologist, or other acceptable medical source who provides . . . or has provided [the claimant] with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant]." 20 C.F.R. §§ 404.1502, 416.902 (effective June 13, 2011 to Mar. 26, 2017).

If an ALJ determines that a treating physician's opinion is not entitled to controlling weight, he must then determine the weight to be given the opinion by applying the following factors: (1) the length of the treatment relationship and the frequency of examinations; (2) the nature and extent of the treatment relationship; (3) the evidentiary support for the physician's opinion; (4) the consistency of the opinion with the record as a whole; (5) whether the physician is a specialist in the field in which the opinion is rendered; and (6) any other relevant factors brought to

the ALJ's attention. 20 C.F.R. §§ 404.1527(c)(2)–(6), 416.927(c)(2)–(6); *see also Parker v. Astrue*, 792 F. Supp. 2d 886, 894 (E.D.N.C. 2011). "The ALJ is not required to discuss all of these factors." *Ware v. Astrue,* No. 5:11-CV-446-D, 2012 WL 6645000, at *2 (E.D.N.C. Dec. 20, 2012) (citing *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007), and *Munson v. Astrue*, No. 5:08-CV-110-D(3), 2008 WL 5190490, at *3 (E.D.N.C. Dec. 8, 2008)). "However, the ALJ must give 'good reasons' for the weight assigned to a treating source's opinion." *Ware*, 2012 WL 6645000, at *2 (citing 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2), and SSR 96–2p, 1996 WL 374188, at *5).

Dr. Kenneth Fink is a hematologist who began treating Plaintiff in 2013. (R. 51, 1144–45; Pl.'s Mot. J. Pldgs. at 12.) Present in the record are two functional capacity evaluations (R. 1068–69), letters/emails (R. 19, 1060, 1067, 1143), and treatment notes (R. 1090–1119, 1135–42) from Dr. Fink. In his functional capacity reports, letters, and emails, Dr. Fink noted work-related restrictions significant enough to preclude full-time work. Plaintiff argues that the ALJ assigned insufficient weight to these opinions. (Pl.'s Mot. J. Pldgs. at 15–17.)

The ALJ extensively discussed his reasons for assigning little weight to Dr. Fink's opinions. (R. 35.) The ALJ did not assign controlling weight to Dr. Fink's opinions about Plaintiff's functional limitations because his treatment notes indicated Plaintiff was not as severely limited as described in his functional reports and letters. (*Id.*) That is a "good reason" for not assigning controlling weight to said opinions. *See* SSR 96–2p, 1996 WL 374188, at *5; *Ware*, 2012 WL 6645000, at *2. Moreover, it is supported by the record. (*See* R. 1090–1119, 1135–42). The ALJ "buil[t]

an accurate and logical bridge" from the evidence in the record to his conclusion regarding the weight assigned to Dr. Fink's opinions. *Lewis v. Berryhill*, 858 F.3d 858, 868 (4th Cir. 2017) (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)). The court, therefore, rejects Plaintiff's assignment of error challenging the weight given Dr. Fink's opinions.

Plaintiff also argues that the ALJ assigned insufficient weight to the opinions of two other doctors that treated Plaintiff, Dr. Alan Cohen and Dr. Jodi Miller. (Pl.'s Mot. J. Pldgs. at 16–17.) Preliminarily, Dr. Cohen never treated Plaintiff; he conducted a state consultative examination. (R. 936–39.) The ALJ assigned little weight to Dr. Cohen's opinions because they were vague. (R. 34.) However, even if greater weight had been assigned to these opinions—as Plaintiff urges—that would not count in Plaintiff's favor as Dr. Cohen opined that Plaintiff was only mildly-to-moderately impaired in the broad work-related functions he discussed. (R. 938–39.) Similarly, only one treatment note from Dr. Miller appears in the record; it contains no information suggesting the basis for a listing or more severe functional limitations. (R. 994–95.)

In sum, the ALJ provided good reasons for discounting the opinions of Dr. Fink, and these reasons are supported by the record. Moreover, the ALJ did not err by failing to assign more weight to the opinions and notes of Drs. Cohen and Miller. And even if he did, any error was harmless. Therefore, substantial evidence supports the Commissioner's determination regarding the weight assigned to Plaintiff's treating and examining doctors discussed above.

### B.    Severe and Non-Medically Determinable Impairments

Plaintiff contends that the ALJ erred by not finding certain medical conditions to be either severe impairments or medically determinable impairments based on the record. (Pl.'s Mot. J. Pldgs. at 12–13.) Specifically, Plaintiff contends the ALJ improperly failed to consider fibromyalgia, diabetes, pain, and lupus as medically determinable or severe impairments and further erred in failing to find her affective disorder as a severe impairment. (*Id.*) The Commissioner's determination regarding these impairments is supported by the record and explained thoroughly, and therefore, is upheld.

Social Security Ruling 12–2p explains the requirements that a claimant must meet to establish a medically determinable impairment of fibromyalgia in disability claims. SSR 12–2p, 2012 WL 3104869, at *2 (July 25, 2012). Roughly, clinical findings from a licensed physician who has reviewed a claimant's medical history and performed a physical exam are required. *Id.* at *2–3. A diagnosis of fibromyalgia absent such findings and medical review by a physician will not suffice. *Id.* at *2.

Here, Plaintiff identifies a fibromyalgia diagnosis on page 1038 of the record. No such diagnosis appears either on that particular page or in the other pages forming that medical treatment note. (R. 1034–40.) Nor are there clinical findings in that treatment note that would potentially satisfy the requirements of SSR 12–2p. (*Id.*)

Review of the record reveals only three instances that fibromyalgia is mentioned, none of which undermines the ALJ's finding. Dr. Fink twice mentioned

symptoms of fibromyalgia in treatment notes, but he never made a diagnosis or clinical findings ruling out other potential causes. (R. 1106, 1109.) Dr. Fink even noted that "a rheumatologic disorder is not established." (R. 1106.) The only evidence in the record indicating a diagnosis of fibromyalgia is found in a comprehensive clinical assessment for mental health treatment completed by a licensed clinical social worker and appears to have been self reported by Plaintiff. (R. 1124–31.) This does not contradict or undermine the ALJ's finding regarding fibromyalgia.

The ALJ also found Plaintiff's diabetes to be a non-medically determinable impairment due to lack of clinical findings in the record. (R. 29.) Plaintiff contends that "several treating physicians reported a diagnosis for diabetes." (Pl.'s Mot. J. Pldgs. at 12 (citing R. 358–61).) However, the evidence cited by Plaintiff appears to concern a family history of diabetes.

There are several instances of glucose test results throughout the record. (R. 336, 611, 699–700, 725, 851, 981, 995, 999, 1003–04.) Diabetes diagnoses occur only twice: in a handwritten note from August 2012 stating that Plaintiff should exercise and diet (R. 999), and in a comprehensive clinical assessment for mental health treatment stating "borderline diabetes" (R. 1056–59). There is a treatment note indicating Plaintiff had been prescribed metformin from a different physician. (R. 1140.) And there are at least two notes indicating pre-diabetes, one of which states that Plaintiff's blood sugar was "well controlled." (R. 934, 994–95.) But this evidence, and that specifically cited by Plaintiff, does not undermine the ALJ's

finding. The court determines that substantial evidence supports the ALJ's finding as to Plaintiff's diabetes.

Plaintiff also contends that the ALJ erred by failing to find "pain" as a medically determinable impairment. (Pl.'s Mot. J. Pldgs. at 13.) Pain is a symptom, not a stand-alone impairment. Accordingly, the ALJ did not commit reversible error in failing to find Plaintiff's pain to be a medically determinable or severe impairment.

Plaintiff argues that the ALJ should have found lupus to be a medically determinable impairment. (Pl.'s Mot. J. Pldgs. at 13 (citing R. 1086).) No diagnosis of lupus appears in the record, though, and Dr. Fink noted that such diagnosis was not made by a rheumatologist. (R. 1090, 1096.)

Lastly, Plaintiff argues that the ALJ should have found her affective disorder to be a severe impairment rather than merely a non-severe, medically determinable impairment. (Pl.'s Mot. J. Pldgs. at 13.) For the reasons stated by the Commissioner (Def.'s Mem. Supp. Mot. J. Pldgs. [DE #41] at 10–11), substantial evidence supports the ALJ's determination regarding this impairment.

In sum, Plaintiff has not identified any countervailing evidence in the record that was left unresolved by the ALJ, nor has the court identified any such evidence through its own review. The ALJ's explanation regarding Plaintiff's impairments discussed above is thorough and supported by the record. Therefore, Plaintiff's arguments regarding medically determinable and severe impairments are overruled.[4]

---

[4] Plaintiff asserts without support that the ALJ conducted an improper listing analysis. (Pl.'s Mot. J. Pldgs. at 14.) For the reasons stated by the Commissioner (Def.'s Mem. Supp. Mot. J. Pldgs. at 12), this argument fails.

### C.     Submission of Evidence after ALJ Decision

Plaintiff also argues that she submitted new "relevant and material" evidence after the ALJ decision that should have compelled the Appeals Council to review the ALJ's decision. (Pl.'s Mem. Supp. Mot. J. Pldgs. at 19–20.) If evidence is new, material, relevant to the time period at issue, and would have a reasonable probability of changing the outcome of the ALJ's decision, then the Appeals Council must grant review. *See* 20 C.F.R. §§ 404.970(a)(5), 416.970(a)(5).

Here, Plaintiff submitted medical evidence regarding a gastrointestinal issue (R. 11–16) and an additional email from Dr. Fink re-stating his opinion that Plaintiff would be unable to work due to her cerebral vein thombrosis and related hematological and vascular issues (R. 19). The evidence regarding Plaintiff's gastrointestinal medical issue does not relate to the time period at issue to Plaintiff's DIB and SSI claims. Furthermore, as the Commissioner notes (Def.'s Mem. Supp. Mot. J. Pldgs. at 21–22), the additional evidence from Dr. Fink is merely duplicative of his previous opinions regarding Plaintiff's functional abilities, which has been discussed above. The court, therefore, upholds the Appeals Council's decision not to grant review based on the additional evidence submitted.

### D.     Remaining Arguments

Plaintiff raises additional arguments regarding the RFC, the ALJ's analysis of credibility as it relates to the RFC, and the questions put to the Vocational Expert regarding Plaintiff's abilities. The court has reviewed the record and considered Plaintiff's written and oral arguments. For the reasons explained by the

Commissioner in her brief (Def.'s Mem. Supp. Mot. J. Pldgs. at 12–21), the court finds the ALJ's determination as to each issue to have been supported by substantial evidence and reached upon application of the correct legal standards.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings [DE #36] is DENIED, Defendant's Motion for Judgment on the Pleadings [DE #40] is GRANTED, and Commissioner's decision is AFFIRMED.

This 1st day of September 2017.

KIMBERLY A. SWANK
United States Magistrate Judge